THE UNION PACIFIC RAILROAD COMPANY v. BULLIS.

1. PROOF—PRESUMPTION.

That an animal was found dead in close proximity to a railroad track does not, in an action against the company for killing it, dispense with proof establishing the fact that the same was killed by its train. Presumption cannot take place of legal proof.

2. CONSTITUTIONAL LAW—STOCK KILLING ACTS.

The railroad stock killing acts are unconstitutional.

*Error to the County Court of Arapahoe County.*

Messrs. TELLER, ORAHOOD & MORGAN, for plaintiff in error.

Mr. WM. H. ANDREW, for defendant in error.

REED, J., delivered the opinion of the court.

Defendant in error brought suit before a justice of the peace to recover the value of a cow alleged to have been killed by an engine of plaintiff. A trial was had; judgment for the plaintiff for $45.00; an appeal was taken to the county court, where a trial was had with same result, and judgment for the same sum. The suit was brought and adjudicated under the "stock killing" statute, secs. 13 and 14, chap. 93, Gen. Stats., and amendments; Sess. Laws, 1885, 304, and Sess. Laws, 1891, 281.

The owner of the cow was the only witness sworn. He testified: On the 24th of May (1893) he was the owner of the cow; that she was worth $45.00; that about 2 o'clock on the afternoon of the day he found her dead in close proximity to the railroad track of defendant. The section men were digging a hole to bury her. He told them it was his cow;—they did not know whose it was. "*It* seemed to be killed by the railroad, and they were going to bury it." "The section men did not know how she was killed." Witness did

not show that he did. That was the entire evidence in regard to the death of the animal. Even if the statute under which the action was brought had been held valid, no recovery could have been had on that evidence. The finding a cow dead in the vicinity of a railroad was not conclusive of the cause of death. The killing by the train must have been established. Presumption could not take the place of legal proof.

The court charged the jury, *first:* " This is an action brought for the killing of a cow, wherein the proof is as to value only." If such were the fact, and it seems to have been, the court erred in refusing a nonsuit. The killing by the engine, the first and most important fact to be found, was not proved, hence there was no cause of action ; but notwithstanding the statement in the first sentence, in the next paragraph the court continues: "If you believe from the evidence that the defendant company killed the cow," etc.

If the value was the only fact proved, it was error to allow the jury to guess or speculate in regard to the cause of death, and base a verdict upon a presumption of fact. If there was no other and controlling reason for reversal, those above given would be sufficient.

The statute under which the action was brought has been held unconstitutional by both the supreme and this court, as being arbitrary, and precluding the company from interposing any defense, subjecting it to judgment without a trial, or an opportunity to exonerate itself, withdrawing railroad companies from the benefit of laws that protect other individuals or persons. See *Railroad Co. v. Outcalt,* 2 Colo. App. 395 ; *Railroad Co. v. Vaughn,* 3 Colo. App. 465 ; *Wadsworth v. Railroad Co.,* 18 Colo. 600.

The judgment will be reversed, and plaintiff will have leave to proceed as at common law, if he so elects.

*Reversed.*